# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SONYA VALDEZ,

      Plaintiff,

v.                                                          No. 18-cv-597 RB-KK

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant United States's Motion to Dismiss (Doc. 5) and Plaintiff Sonya Valdez's Motion for Leave to File Amended Complaint and Memorandum in Support (Docs. 12; 13). Plaintiff alleges that her postal carrier failed to deliver packages and letters to her address, resulting in economic harm to her and her family. The United States counters that the Court lacks subject matter jurisdiction because claims against United States Postal Service employees related to the loss, miscarriage, or negligent transmission of mail are exempt from the Federal Tort Claims Act and are thus barred by sovereign immunity. After considering the submissions of the parties and relevant law, the Court will **grant** Plaintiff's Motion for Leave to File Amended Complaint and **grant** Defendant's Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction.

## I. Factual Background and Procedural History

On May 29, 2018, Plaintiff filed suit against Patricia Chacon, her mail carrier, in Santa Fe County Magistrate Court in Santa Fe, New Mexico. (Doc. 1-1 at 2–4.) The original complaint alleged that Ms. Chacon "started picking and choosing what packages to deliver and what packages to send back," and that Plaintiff lost money after packages were returned to the sender as undelivered. (*Id.* at 2.) She alleged that Ms. Chacon "has been tampering with our mail" and

"refused to deliver mail to my address." (*Id.* at 3.) Plaintiff also stated that she filed two complaints with the United States Postal Service (USPS), but the USPS failed to investigate the claims. (*Id.*)

The United States removed the action pursuant to 28 U.S.C. § 1442(a) because it had been brought "against a federal employee acting under the color of office . . . [and] appears to be controlled by the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*" (Doc. 1 at 2.) Thus, it "is an action over which the United States District Court has exclusive jurisdiction." (*Id.*) Following certification by the United States Attorney that Ms. Chacon was acting within the scope of her federal employment at the time of the events alleged in the Complaint, the United States was substituted as the proper party defendant pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2679(d)(1). (*See* Docs. 4 at 1–2; 4-1 at 1.)

On August 2, 2018, the United States (Defendant) moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. 5 at 1.) Defendant argues that the Court lacks subject matter jurisdiction over the Complaint for two reasons: (1) Plaintiff's claims fall under the "postal matter" exception to the FTCA and are thus barred by the doctrine of sovereign immunity (*see id.* at 1–3); and (2) even if Plaintiff's claims did fall properly under the FTCA, she failed to exhaust her administrative remedies before bringing suit as required by the FTCA (*see id.* at 3–4). Plaintiff did not respond to the Motion to Dismiss.

On September 17, 2018, Plaintiff filed an Amended Complaint. (Doc. 10.) The Amended Complaint reemphasizes the allegations that Ms. Chacon "knowingly [and] willingly failed to deliver packages to Plaintiff's address which caused financial loss." (*Id.* at 2.) It also includes copies of two online complaints (labelled Exhibits 1 and 2) that Plaintiff submitted to the USPS Office of Inspector General Hotline, which include more specific details describing Ms. Chacon's alleged misconduct. (*See id.* at 4–7). Exhibit 1 alleges that Ms. Chacon refused to deliver mail

addressed to anyone in the household other than Plaintiff, and as a result Plaintiff lost $180 because Ms. Chacon twice returned a package containing auto parts to the sender because they were addressed to Plaintiff's husband, and the auto parts were nonrefundable. (*See id.* at 4–5.) Plaintiff also alleges that she and her husband confronted Ms. Chacon about her failure to deliver their mail and following that interaction, Ms. Chacon retaliated against them by only delivering mail that was addressed to Plaintiff's mother. (*See id.* at 5.) The Amended Complaint elaborates on Plaintiff's claim that she reported the incidents to the USPS. (*Id.* at 2 ("USPS was contacted by myself over a dozen times in hopes to resolve matters. I was ignored . . . .").) Exhibit 2 is a copy of a subsequent email to USPS requesting a response to her initial complaint. (*Id.* at 7.)

Approximately one month after filing the Amended Complaint, Plaintiff filed a belated Motion for Leave to File an Amended Complaint (Doc. 12) and Memorandum in Support (Doc. 13), stating that she "did not fully understand the legal implications of [her] pro se responsibility in filing an Amended Complaint." (Doc. 12 at 1.) Defendant does not oppose Plaintiff's motion to refile the Amended Complaint as the operative complaint. (Doc. 14 at 1.) A party seeking leave to amend its pleading outside the time allowed for amendments as a matter of course may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires[,]" to allow "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982) (citation omitted). As Defendant has provided its written consent and the Amended Complaint more thoroughly lays out Plaintiff's claims for the Court to consider in assessing the jurisdictional question presented in Defendant's Motion to Dismiss, the Court will grant Plaintiff's Motion for

Leave to File Amended Complaint (Doc. 12). Plaintiff's Amended Complaint (Doc. 10) is thus the operative complaint in this matter.

## II. Legal Standard

"[P]ro se . . . pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (internal citation omitted).

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citing *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995)). "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

## III. Discussion

### A. Plaintiff's claims fall under the "postal matter" exception to the FTCA.

The legal doctrine of sovereign immunity dictates that "the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Federal courts do not have subject matter jurisdiction over claims that are barred by sovereign immunity. *Garling v. U.S. Envtl. Prot. Agency*, 849 F.3d 1289, 1294 (10th Cir. 2017). Thus, "[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, . . . together with a claim

4

falling within the terms of the waiver. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).

The FTCA constitutes a clear, limited waiver of sovereign immunity for tortious acts or omissions by government employees in the course of their work when "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b)(1). The FTCA provides that federal district courts have exclusive jurisdiction over civil actions against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.*

The FTCA applies to "tort claims arising out of activities of the Postal Service." 39 U.S.C. § 409(c). However, the FTCA also includes specific exceptions to which its waiver of sovereign immunity does *not* apply. *See* 28 U.S.C. § 2680. Section 2680(b) provides that: "The provisions of this chapter and section 1346(b) of this title shall not apply to . . . [a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Thus, the FTCA does not waive the United States's sovereign immunity for any claims related to "loss, miscarriage, or negligent transmission" of packages or letters sent through the USPS, so such claims against the United States are barred. *See id.* If a claim against the United States under the FTCA falls under any of the exceptions laid out in section 2680, including the "postal matter" exception, "a district court must dismiss for lack of subject matter jurisdiction." *See Smith v. United States*, 546 F.2d 872, 876 (10th Cir. 1976).

In *Dolan v. United States Postal Service*, the Supreme Court suggested that the "postal matter" exception applies to "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." 546 U.S. 481, 489

5

(2006). In that case, the Court held that a plaintiff could bring a valid tort claim against the United States when she tripped over a package negligently placed on her porch and suffered injuries. *Id.* at 492. The Court held that the negligent conduct resulting in her fall, unlike negligent conduct resulting in undelivered or damaged letters and packages, was not related to the "loss, miscarriage, or negligent transmission of letters or postal matter" such that it fell under the "postal matter" exception to the FTCA. *Id.* at 485–86. The Court went on to opine that "[i]llustrative instances of the exception's operation, then, would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information." *Id.* at 489. The Tenth Circuit has further clarified what types of materials and claims constitute "postal matters." In *Georgacarakos v. United States*, 420 F.3d 1185, 1186 (10th Cir. 2005), the Tenth Circuit explained that the plaintiff's claims arose "out of the loss of the books and manuscript . . . . Once mailed, the books and manuscript became 'postal matter' within the meaning of § 2680(b)."

Accepting all the allegations in Plaintiff's Amended Complaint as true, and construing the pleadings liberally, the Court finds that Plaintiff's claims are all "postal matters" falling squarely within the exception to the FTCA laid out in 28 U.S.C. § 2680(b). Plaintiff alleges that Ms. Chacon "failed to deliver packages to plaintiff's address which caused financial loss."[1] (Doc. 10 at 2.) She describes Ms. Chacon's actions that contributed to her alleged injuries as "tampering with mail, neglect, [and] unethical behavior[.]" (*Id.* at 2.) Similarly, she claims damages for "tampering, neglect, and failure to deliver mail." (*Id.*) Despite the various terms that Plaintiff employs to describe Ms. Chacon's actions, the allegations are all related to Plaintiff not receiving her mail, and thus arise "out of the loss, miscarriage, or negligent transmission of letters or postal matter."

---

[1] Plaintiff also alleges in her Amended Complaint that Ms. Chacon failed to deliver her packages "knowingly and willingly" and "in a milicious [sic] manner." (Doc. 10 at 2.) To the extent that Plaintiff is alleging Ms. Chacon committed an intentional tort in the course of her official duties, the FTCA also contains an exception for intentional torts, and thus such claims would be barred as well. *See* 28 U.S.C. § 2680(h).

*See* 28 U.S.C. § 2680(b). Plaintiff's claims all fall under the "postal matter" exception because they are rooted in "injuries arising, directly or consequentially, because mail . . . fails to arrive at all . . . ." *Dolan*, 546 U.S. at 489.

The more specific narrative detailing her claims that Plaintiff provides as Exhibit 1 to the Amended Complaint further illustrates that the alleged injuries fall within the "postal matter" exception. (*See* Doc. 10 at 4–6.) Plaintiff alleges that she purchased parts for her husband's truck online, and the package was twice returned by Ms. Chacon to the sender as undeliverable because it was addressed to Plaintiff's husband rather than Plaintiff and Ms. Chacon did not recognize his name. (*Id.* at 4–5.) The company that sent the auto parts informed Plaintiff that it could only attempt to send the package twice, and the items were not refundable. (*Id.*) Thus, Plaintiff and her husband suffered a $180 loss when they failed to receive the parts due to Ms. Chacon's negligence, or, as Plaintiff labels it, "mail tampering" and "incompetence and lack of ethic." (*See id.* at 5.) The Court finds that this claim, accepted as true, is still based directly on the "loss" and "negligent transmission" of Plaintiff's package. It is thus properly excluded from the FTCA under 28 U.S.C. § 2680(b).

Plaintiff's Exhibit 1 also alleges that, following the package incident described above, Ms. Chacon began harassing her family and discriminating against her husband and his sons due to their race by purposefully not delivering their mail.[2] (*Id.*) Plaintiff claims that her husband approached Ms. Chacon and explained that he was awaiting the delivery of time-sensitive citizenship paperwork, and Ms. Chacon called the police and falsely claimed that he threatened her. (*Id.*) Plaintiff alleges that she left a list in her mailbox explaining which individuals could receive mail at that address, as instructed by a USPS supervisor, and Ms. Chacon threw the list

---

[2] Plaintiff does not allege any further facts that explain or support this claim of discrimination beyond connecting it to Ms. Chacon's alleged failure to deliver mail. (*See* Doc. 10 at 5.)

7

away and placed a "vacant" sign on the box. (*Id.*) Plaintiff does not explain how these additional allegations are connected to specific damages or claims in her Amended Complaint beyond referencing "emotional and mental distress." (*Id.*) However, to the extent that they are valid factual allegations, accepted as true by the Court in this facial attack to subject matter jurisdiction under Rule 12(b)(1), the Court finds that these additional allegations are also all related to the non-delivery of mail—which falls squarely under the "postal matter" exception to the FTCA.

As a result, each of the claims in Plaintiff's Amended Complaint, construed liberally, relate to alleged non-delivery of mail and packages by Ms. Chacon in her official capacity as a mail carrier. They thus arise "out of the loss, miscarriage, or negligent transmission of letters or postal matter" and are not claims for which the United States has waived sovereign immunity under the FTCA. *See* 28 U.S.C. § 2680(b). As such, the Court does not have subject matter jurisdiction over the claims and the Amended Complaint must be dismissed. *See* Fed. R. Civ. P. 12(b)(1); *Garling*, 849 F.3d at 1294.

### B. Plaintiff did not exhaust administrative remedies under the FTCA.

Plaintiff's Amended Complaint is properly dismissed because her claims are barred by sovereign immunity, so the Court need not reach Defendant's second argument for dismissal—that the Court lacks subject matter jurisdiction because Plaintiff has not exhausted administrative remedies under the FTCA. (*See* Doc. 5 at 3–4.) However, because Plaintiff devotes a substantial portion of her Amended Complaint to arguing that she *did* exhaust administrative remedies by filing two online complaints with the USPS Office of Inspector General Hotline, the Court will briefly explain why, even if Plaintiff's claims did not fall under the "postal matter" exception to the FTCA, the Court would still lack subject matter jurisdiction because she did not formally exhaust her administrate remedies.

The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (citing 28 U.S.C. § 2675(a)). This requirement applies to all litigants, including pro se litigants. *See id.* at 113. The administrative exhaustion requirements under the FTCA are jurisdictional, cannot be waived, and must be strictly construed. *See Estate of Trentadue v. United States*, 397 F.3d 840, 852 (10th Cir. 2005). The jurisdictional provision of the FTCA, 28 U.S.C. § 2675(a), "requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Id.* (citations omitted).

An administrative claim against the USPS under the FTCA is properly presented when "an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident[,]" 39 C.F.R. § 912.5(a), is "filed with the Tort Claims Coordinator for the Postal Service District Office where the accident occurred, but may be filed at any office of the Postal Service, or sent directly to the Chief Counsel, Torts, General Law Service Center, USPS National Tort Center," 39 C.F.R. § 912.4. In *Pipkin v. U.S. Postal Service*, 951 F.2d 272 (10th Cir. 1991), the Tenth Circuit explained that the plaintiff "failed to exhaust her administrative remedies[,]" even though her husband had filed grievances with the USPS, because she "failed to file administrative claims pursuant to USPS regulations." *Id.* at 273.

Defendant's Motion to Dismiss includes a sworn declaration from Kimberly A. Herbst, a Tort Claims Examiner/Adjudicator and Supervisor of the United States Postal Service National

Tort Center. (Doc. 5-1.) Ms. Herbst "conducted a search of all Postal Service Law Department records of administrative tort claims submitted for adjudication[,]" as well as "all Postal Service tort claim coordinator database records of administrative tort claims received at the local level[,]" and found no tort claims filed by or on behalf of Plaintiff in either database. (*Id.* at 1–2.) Though Plaintiff has provided proof that she submitted two online complaints to the USPS Office of the Inspector General Hotline (*see* Doc. 10 at 4–7), she has not provided any evidence that she filed a formal tort claim with the USPS pursuant to its regulations. She has thus not exhausted her administrative remedies under the FTCA. *See* 39 C.F.R. §§ 912.5(a), 912.4.

Though the Court as a threshold matter lacks subject matter jurisdiction to hear Plaintiff's claims because they fall under the "postal matter" exception to the FTCA, the Court would also lack subject matter jurisdiction *even if* the claims fell properly under the FTCA, because Plaintiff failed to exhaust her administrative remedies as required by 28 U.S.C. § 2675(a) and 39 C.F.R. §§ 912.5(a), 912.4.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 12) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **GRANTED** and Plaintiff's Amended Complaint (Doc. 10) is **DISMISSED**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**